UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHANA CAMMON,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>    Defendant. | Case No. 24-10422<br>Honorable Laurie J. Michelson |

**ORDER DENYING PLAINTIFF'S PARTIAL MOTION FOR RECONSIDERATION [29]**

In 2017, Shana Cammon, an African American woman, was fired from COBX, a subsidiary of Blue Cross Blue Shield of Michigan. (ECF No. 1, PageID.3.) Cammon claims her termination was discriminatory and retaliatory and followed a pattern of harassment. (*See id.* at PageID.3–4.) Shortly after her termination, Cammon says a human resources representative assured her that she was eligible for future "rehire" by BCBSM. (*Id.* at PageID.4.) So, in the years that followed, Cammon continued to apply for positions within BCBSM and its subsidiaries, and in 2022 Cammon was offered and accepted a new role at BCBSM. (*Id.* at PageID.5.) But her complaint states that the offer was swiftly rescinded just a few weeks later when BCBSM determined that Cammon was not, in fact, eligible for "rehire." (*Id.* at PageID.6.) Cammon believes the recission was part of a continuing pattern of discrimination and retaliation.

In February of 2024, Cammon filed this lawsuit against BCBSM. (ECF No. 1.) Cammon brought discrimination claims, Counts I–IV, alleging "gender/sexual harassment/discrimination," and race-based discrimination, in violation of Title VII and its state analog, the Elliott-Larsen Civil Rights Act. (*Id.* at PageID.7–14.) She also brought retaliation claims, Counts V and VI, alleging retaliation in violation of Title VII and the ELCRA. (*Id.*) BCBSM moved to dismiss, arguing Cammon's claims are barred by the applicable statutes of limitations and that she failed to plausibly plead her claims. (ECF No. 17.)

This Court granted BCBSM's motion to dismiss. (ECF No. 23.) As to the discrimination claims, the Court concluded they were time barred and dismissed them with prejudice. (*Id.* at PageID.131–134.) As to the retaliation claims, the Court concluded that Cammon had not plausibly pled a viable claim under either Title VII or the ELCRA but granted leave to amend to cure the pleading deficiencies. (*Id.* at PageID.134–139.) Soon after, Cammon filed an amended complaint for the retaliation claims (ECF No. 24), and BCBSM responded with another motion to dismiss (ECF No. 27).[1]

Cammon now asks the Court to reconsider its dismissal of those claims pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(h)(1). (ECF No. 29, PageID.200.) She claims that "reconsideration is necessary to correct a clear error of law with regard to the Court's conclusion regarding Plaintiff's Count I–IV of her

---

[1] The Court has not yet decided that motion and states no opinion here on the merits of the amended complaint (ECF No. 24) or the motion to dismiss the amended complaint (ECF No. 27).

2

Complaint." (*Id.*) But Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(h)(1) are inapplicable here, because Cammon does not seek reconsideration of a final order. And even if the Court considered her motion under Local Rule 7.1(h)(2), it is untimely. The Court thus DENIES Plaintiff's motion for partial reconsideration.

I.

This District's Local Rule 7.1(h) governs motions for reconsideration and distinguishes the standard of review based on "the type of motion for which the movant is requesting reconsideration." *Hillman Power Co. v. On-Site Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 514 (E.D. Mich. 2022) (comparing Local Rule 7.1(h) (effective July 1, 2017), *with* Local Rule 7.1(h) (effective Dec. 1, 2021)). When a party seeks reconsideration of a final order or judgment, Local Rule 7.1(h)(1) requires that the motion be filed under Federal Rule of Civil Procedure 59(e) or 60(b). *See* E.D. Mich. LR 7.1(h)(1). A final order is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 715 (6th Cir. 2015).[2] But when the movant seeks reconsideration of a non-final order, Rule 7.1(h)(2) requires that the motion

---

[2] Courts in this district define a final order for purposes of Local Rule 7.1(h)(1) the same as a final order for purposes of appeal under 28 U.S.C. § 1291. *See State Farm Mut. Auto. Ins. Co. v. Angelo*, No. 19-10669, 2023 WL 2957472, at *1–2 (E.D. Mich. Apr. 14, 2023). This is consistent with "[t]he primary purpose of a motion for reconsideration of a final judgment, *see* Fed. R. Civ. P. 59(e), [which] is to allow a district court to correct its own mistakes before the Court of Appeals corrects them." *Roe v. Ford Motor Co.*, 439 F. Supp. 3d 922, 925 (E.D. Mich. 2020) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).

"must be filed within 14 days after entry of the order and may be brought *only* upon [specified grounds outlined in subsections (A)–(C)]."[3] *See* E.D. Mich. LR 7.1(h)(2).

Since Local Rule 7.1(h)(1) is reserved for motions challenging a final order, the first issue is whether Cammon's motion (ECF No. 29), styled under Rule 7.1(h)(1), improperly seeks reconsideration of a non-final order. The Court finds that it does. Cammon's motion challenges the Court's order granting BCBSM's motion to dismiss (ECF No. 23). But there, the Court granted Cammon leave to amend her complaint as to the retaliation claims (*id.* at PageID.139–140), and she did, in fact, refile those claims (ECF No. 24). As such, this was a non-final order. Federal Rule of Civil Procedure 54 explains that a decision "that adjudicates fewer than all the claims . . . does not end the action." Fed. R. Civ. P. 54(a). The Sixth Circuit has instructed that an order dismissing at least some claims without prejudice is non-final. *See James v. Norfolk S. Ry. Co.*, No. 21-4155, 2022 WL 2037037, at *2 (6th Cir. May 5, 2022) ("The district court's . . . order dismissing without prejudice Plaintiffs' remaining claims did not create a final judgment under § 1291."); *see also J.P. Morgan Sec., LLC v. Porcher*, No. 15-10761, 2016 WL 3165727, at *4 (E.D. Mich. June 7, 2016) ("[A] dismissal 'without prejudice' is not a final judgment.").

Accordingly, Cammon's motion seeking reconsideration of the Court's order is improper because it attempts to use Rule 7.1(h)(1) and Federal Civil Rule of Procedure 59(e) to challenge a non-final order.

---

[3] Local Rule 7.1(h)(2) also states that "[m]otions for reconsideration of non-final orders are disfavored."

Finally, even if the Court were to construe Cammon's motion under Local Rule 7.1(h)(2), which governs motions for reconsideration of non-final orders, it would still be improper. As explained, Local Rule 7.1(h)(2) requires that the motion "be filed within 14 days after entry of the order." Cammon's motion was filed on September 5, 2025, long after the 14-day window to challenge the Court's August 1, 2025, decision had closed. Because Cammon's motion for reconsideration, if construed under Local Rule 7.1(h)(2), would be untimely, the Court need not reach its merits.[4]

Accordingly, the Court DENIES Cammon's motion for partial reconsideration. (ECF No. 29.)[5]

SO ORDERED.

Dated: October 7, 2025

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

---

[4] The Court notes, though, that Cammon's motion would unlikely satisfy the standard under Local Rule 7.1(h)(2)(A)–(C) because it appears to merely relitigate the issues raised in her complaint and briefing.

[5] Because the Court did not request a response, *see* E.D. Mich. LR 7.1(h)(3), it does not consider the one filed by BCBSM (ECF No. 33).