UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANA CAMMON,

Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

Defendant.

Case No. 24-10422
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND [42] AND GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY [47]**

In 2022, Shana Cammon accepted a new position with Blue Cross Blue Shield of Michigan (BCBSM), only for that offer to be rescinded after she was deemed "ineligible for rehire." (ECF No. 24, PageID.146.) Cammon believes that action shows BCBSM discriminated and retaliated against her because of prior discrimination complaints she lodged with Human Resources when she worked at COBX, a BCBSM subsidiary. So she filed this lawsuit against BCBSM. (ECF No. 1.) Notably, she amended her complaint to add COBX as a defendant, but after the Court denied the motion without prejudice for procedural and substantive deficiencies, Cammon never refiled it. (*See* ECF No. 18; Text-Only Order, January 10, 2025.) The case proceeded. BCBSM filed a motion to dismiss (ECF No. 17), which was granted (ECF No. 23). But the Court also granted Cammon leave to amend her complaint as to the retaliation claim against BCBSM. (*Id.*) This time, Cammon filed an amended complaint (ECF

No. 24), and once again, BCBSM moved to dismiss. (ECF No. 27.) The Court denied the motion, finding that Cammon adequately pleaded that (1) her 2017 reports to COBX's HR constituted protected activity; (2) BCBSM was plausibly aware of that activity; (3) the revocation of her job offer in 2022 constituted an adverse employment action; and (4) it is plausible that BCBSM revoked her job offer because of the 2017 HR reports.

Nearly two and a half years into the case, Cammon seeks leave to again amend her complaint to add COBX and another BCBSM subsidiary, Emergent Holdings, Inc., as Defendants. (ECF No. 42, PageID.292.) Cammon also seeks leave to extend the scheduling order by 90 days. (ECF No. 47.) BCBSM opposes both requests. (ECF Nos. 43, 48.) The motions are fully briefed and do not require further argument. *See* E.D. Mich. LR 7.1(f)(2).

For the reasons that follow, Cannon's second motion for leave to amend is DENIED and her motion to extend the scheduling order is GRANTED IN PART.

## I.

Start with the motion to amend. Again, Cammon wants to add COBX and Emergent, two BCBSM subsidiaries. In support, she contends that a "supplemental [document] production confirms that Plaintiff's 2017 Analyst employment was tied to COBX." (ECF No. 42, PageID.299.) And she says her "not eligible for rehire" designation came from an HR specialist at Emergent, who then communicated that status to BCBSM in 2022. (*Id.* at PageID.299, 303.)

Federal Rule of Civil Procedure 15(a)(2) governs Cammon's motion. It provides that when a party seeks leave to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This determination is "left to the sound discretion of the trial judge." *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990). In exercising its discretion, the Court considers the existence of "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019). The Court analyzes each factor in turn.

**A. Undue Delay**

First, Cammon contends there was no undue delay in seeking leave to amend again because she "moved promptly" after learning of this "newly produced evidence" regarding COBX and Emergent through BCBSM's supplemental production on August 12, 2026. (ECF No. 42, PageID.306.)

But this is not accurate as to COBX. Cammon attempted to add COBX back in January 2025. (ECF No. 18.) The Court denied that motion without prejudice because Cammon did not attach the proposed amended complaint and contradicted herself in the pleadings. (Text-Only Order, January 10, 2025; *compare* ECF No. 18, PageID.96 ("Plaintiff does not know who 'COB-X' is and denies ever working for that company"), *with* ECF No. 1 , PageID.2 ("On or around May 2017, Plaintiff accepted a position as an analyst with COBX").) Waiting an additional eight months to refile an amended complaint is undue delay.

**B. Prejudice**

The parties focus on how the proposed amendment would or would not prejudice the newly added defendants. However, "the only prejudice that matters under Rule 15 is prejudice to Defendant, the party opposing the motion to amend." *Gm Glob. Tech. Operations, LLC v. Quality Collision Parts, Inc.*, No. 23-13026, 2026 WL 195010, at *6 (E.D. Mich. Jan. 26, 2026). So the Court will move to the futility arguments.

**C. Futility**

An amendment is futile if it would not survive a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6); *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). Under that standard,[1] the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] "[W]hen a pleading is amended, the amended pleading supersedes the original pleading." *Borns v. Nagy*, No. 17-13694, 2022 WL 987181, at *2 (E.D. Mich. Mar. 31, 2022).

The ultimate issue here, therefore, is whether Cammon can plausibly plead a retaliation claim against Emergent and COBX under Title VII or ELCRA.[2] To succeed on a retaliation claim, a plaintiff must show, (1) she engaged in a protected activity; (2) her employer was aware of that activity; (3) she suffered an adverse employment action; and (4) there was a causal connection between the adverse action and the protected activity. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). But t the motion to dismiss stage, Cammon need not establish a *prima face* case of retaliation. *Kinney v. McDonough*, No. 21-1414, 2022 WL 223633, at *8 (6th Cir. Jan. 26, 2022). She must, however, still "meet the *Iqbal* general plausibility requirement" for her claim. *Lester v. Mayorkas*, No. 23-01271, 2025 WL 450499, at *8 (M.D. Tenn. Feb. 10, 2025) ("[A] plaintiff [with a retaliation claim] is not required to plead all elements of a prima facie case to survive a motion to dismiss, he must meet the *Iqbal* general plausibility requirement[.]").

**1.**

Cammon argues that a retaliation claim is not futile because Emergent "participated directly in the challenged adverse action" by telling BCBSM that Cammon was not eligible for rehire. (ECF No. 42, PageID.308.) More specifically, Cammon says that Regina Toney, Emergent HR specialist, communicated to BCBSM that Cammon was ineligible for rehire. But, as BCBSM points out, Cammon has not

[2] Because the analysis of retaliation claims under the ELCRA closely mirrors the Title VII analysis, the Court will address these claims together and cite Title VII and ELCRA case law interchangeably. *See Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 614 (6th Cir. 2019).

alleged any fact that Toney (or anyone else at Emergent) was aware of *why* Cammon had that status. There are no allegations that Emergent knew of Cammon's protected activity from 2017. Again, the allegation is simply that the Emergent HR specialist reported Cammon's status to BCBSM in 2022.

And Cammon has not alleged that Emergent or COBX took any adverse action against her. The parties do not appear to dispute that it was BCBSM, not its subsidiaries, that revoked Cammon's 2022 job offer. So her proposed amended pleading does not state a plausible claim that Emergent or COBX retaliated against her for her protected activity they were aware of.

**2.**

Perhaps realizing these deficiencies, Cammon argues that Emergent and COBX should be treated as affiliated employers with BCBSM, making them jointly responsible. (ECF No. 42, PageID.308–309.)

For a parent-subsidiary relationship to qualify as a joint employer, "there must be 'sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer.'" *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 852 (6th Cir. 2017) (quoting *Armbruster v. Quinn,* 711 F.2d 1337, 1337 (6th Cir.1983)). Four factors guide this determination: "the degree of (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership."

*Id.* (quoting *Armbruster*, 711 F.2d at 1337); *York v. Tennessee Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982)).

In support of this joint employer theory, Cammon simply states:

> Here, BCBSM, Emergent Holdings, and COBX Co. are all tied to the challenged rehire decision: COBX Co. is tied to Plaintiff's 2017 employment record; Emergent Holdings HR supplied the ineligibility determination; and BCBSM used that determination to remove Plaintiff from the 2022 requisition. Exhibits B, C. These facts are more than sufficient to plead that Emergent Holdings and COBX Co. may be liable under direct-participation, integrated-enterprise, joint-employer, agency, or related affiliated-entity theories.

(ECF No. 42, PageID.310.) The referenced Exhibit B is an email exchange where Regina Roney (from Emergent) tells Darlene Shammami (Contingent Labor Coordinator at BCBSM), "[Cammon] is not eligible for rehire." (ECF No. 42-2, PageID.338.) And Exhibit C is an email exchange where Shammami relays this news to Dana Gadette (Senior National Account Manager at BCBSM), stating "HR didn't provide us with an explanation[;] they only said she is not eligible for rehire." (*Id.* at PageID.343.)

At most, this shows that BCBSM shared discrete HR tasks with COBX and Emergent. But that is insufficient to show a joint employer relationship between a parent and subsidiary for Title VII and ELCRA. *See Zeller v. Canadian Nat. Ry. Co.*, No. 13-13729, 2015 WL 3970044, at *8 (E.D. Mich. June 30, 2015), *aff'd sub nom. Zeller v. Canadian Nat'l Ry. Co.*, 666 F. App'x 517 (6th Cir. 2016) (finding "[a] party who provides only human resources services is not a joint employer" under Title VII); *Salgado v. BlueCross Blue Shield of Tennessee, Inc.*, No. 19-263, 2021 WL 6496749,

at *6 (E.D. Tenn. Aug. 9, 2021) (finding a "defendant who merely provides human resources services is not a joint employer" under ADA).

Having alleged nothing more than an HR overlap, Cammon has not shown COBX and Emergent are joint employers of BCBSM. Thus, her proposed amendment would not survive a motion to dismiss and is thereby futile.

Accordingly, Cammon's motion for leave to file an amended complaint (ECF No. 42) is DENIED.

## II.

Cammon also seeks a 90-day extension of the scheduling order. (ECF No. 47.)

"Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [party requiring an extension] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).

Cammon says the original discovery and dispositive motion deadline could not be met because there was a misunderstanding about the scheduling of an August deposition, and BCBSM served extensive interrogatories and requests for production seven days before the discovery deadline. (ECF No. 47, PageID.405.) BCBSM contests this recounting of events, noting that the August depositions had been rescheduled three times. (ECF No. 48, PageID.426.) Nevertheless, BCBSM proposed a

compromise position: a thirty-day extension of both the discovery and dispositive motions deadlines, with the expectation that the remaining deposition can take place during that time. (*Id.*)

The Court finds there is good cause for this reasonable modification to the scheduling order and will extend the deadlines 30 days from the entry of this order. Thus, Cammon's motion (ECF No. 47) is GRANTED IN PART. The discovery deadline is extended to November 9, 2026, and the dispositive motion deadline is extended to November 17, 2026. Should the case survive any dispositive motions, pre-trial and trial dates will be set at that time.

IT IS SO ORDERED.

Dated: October 9, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE